**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NUMBER 22-20161-Cr-GAYLES**

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

**vs.**

**VICTOR MANUEL PENA-ABREU,**

                **Defendant.**

_____/

## OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

The Defendant, **VICTOR MANUEL PENA-ABREU**, by and through undersigned counsel, hereby files his Objections to the Presentence Investigation Report ("PSR"). In support, the Defendant states:

### I.     BACKGROUND

1. On March 30, 2022, the Defendant was one of four individuals apprehended by the United States Coast Guard while onboard a vessel in the Caribbean Sea, approximately 140 nautical miles south of Isla Beata, Dominican Republic. Upon Coast Guard personnel boarding and searching the vessel, approximately 503 kilograms of cocaine were located.

2. On July 13, 2023, Mr. Pena-Abreu and two of his codefendants proceeded to a bench trial on stipulated facts to preserve his right to appeal the denial of a Motion to Dismiss (Document 29), which was denied by this Honorable Court in its Order Affirming and Adopting Report of Magistrate Judge (Documents 79 and 67, respectively). In so proceeding, the Defendant accepted responsibility for his involvement and has been

granted a 3-level reduction in the sentencing guidelines calculation pursuant to U.S.S.G. §3E1.1(a) and (b).

3.   Mr. Pena-Abreu is a 27 years old native of the Dominican Republic who since age 15 has earned his living as a fisherman. From the age of 7 years old he worked on the streets shining the shoes of tourists to assist his family.

4.   In July 2022, Mr. Pena-Abreu provided a proffer of his involvement in this case to the United States Attorney's Office.  He was recruited by an individual known to him as "Carpaccio" with an opportunity to make money. He was driven by van about two hours away from home and taken to a house where he stayed for four days. He was then taken to a dock where he boarded a boat accompanied by two masked men who piloted the vessel. He was at sea for two days until making land, and later learned he was in Colombia. Upon arrival he was driven again by masked men to a house several hours from where he had landed. Mr. Pena-Abreu was confined to this house for two months and was attended to by two young boys whom he knew only as "7" and "8". During these two months he was forbidden from leaving the premises and could not go outside save for the outside patio.

After two months, Mr. Pena-Abreu was taken to a remote beach where another boat awaited.. It was fully loaded with provisions and laden with large bulk packages which he understood immediately to be narcotics. It was at this point that he was joined by the codefendants in this case. Other masked men instructed the group that they would be meeting another boat on the high seas and would then be sent home. After two days on the high seas, on March 30, 2022 the boat was intercepted and boarded by the U.S. Coast Guard.

5. Over the next 21 days, the defendant was shuttled between the HMS Friesland, a Dutch naval vessel, the United States Coast Guard Cutter Tezanos, the United States Navy warship Billings, to the United States Navy warship Wichita, back to the Tezanos, to the United States Navy warship Thetis and finally delivered to Guantanamo Bay, Cuba where he and his codefendants were taken into DEA custody and finally transported to the Southern District of Florida for prosecution.

## II.    OBJECTIONS TO GUIDELINES CALCULATIONS

6. At paragraph 9 of the PSR, it indicates ,"Neither an aggravating nor mitigating role is recommended for… Pena -Abreu…". The Defendant objects and submits that a 2-level reduction as a minor participant pursuant to U.S.S.G. §3B1.2(b) is warranted,  which would trigger and additional an additional 4-level reduction in the base offense level pursuant to U.S.S.G. §2D1.1(a)(5)(iii). After application of both guidelines sections, the resulting Base Offense Level at paragraph 15 would be level 34, the Adjusted Offense Level (subtotal) would be level 30, and the Total Offense Level at paragraph 24 would be level 27. Combined with his criminal history of zero points, this calculation translates to an advisory guideline range of 70 to 87 months.

7. This Honorable Court has encountered numerous cases which are similar, if not virtually identical to the case at bar. It is well known that producers and owners of large quantities of cocaine enlist impoverished, uneducated individuals living in poverty-stricken regions of the Caribbean and Central America to transport cocaine to predetermined destinations in the international distribution chain. These transporters are promised payment which will enable them to improve the living conditions for their families, which they accept, notwithstanding the risk of being caught and incarcerated.

There are numerous individuals involved in these ventures in addition to the producers and owners, including the recruiters, the persons involved in logistics, the workers on the refueling boats, the individuals who escort the cocaine ashore, the individuals on land who receive the cocaine and the remining persons in the distribution chain who transport the cocaine to its ultimate destination.

The Defendant, Victor Manuel Pena-Abreu is but one cog in a vast machine which endlessly churns out cocaine from South America to Central America to the rest of the world. His knowledge of the scope of the enterprise is limited to his personal involvement. He had no involvement in, or knowledge of, the planning which goes into the distribution of the cocaine. All he knows is his limited role as a transporter of the cocaine.

8.   The analysis of whether a defendant qualifies for a minor role adjustment is a factual determination made on a case-by-case analysis. See, *United States v. Rodriguez De Varon*, 175 F.3d 930, 940 (11th Cir. 1999)(*en banc*).In *United States v. Colorado,* 716 Fed.Appx. 922, 924 (11th Cir. 2017)[1], the court discussed the analysis in which the trial court must engage when determining a defendant's eligibility for minor role in a drug conspiracy:

> When evaluating a defendant's role in an offense, the district court must consider the totality of the circumstances, U.S.S.G. § 3B1.2, comment n.3(C), assessing "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *United States v. Rodriguez De Varon*, *175 F.3d 930, 940 (11th Cir. 1999)(en banc)*. The district court is under no obligation to make "specific subsidiary findings," but it must "clearly resolve[ ] any disputed factual issues" and make "the ultimate determination of the defendant's role in the offense."

---

[1] The *Colorado* decision is an unpublished opinion. Pursuant to Federal Rule of Appellate Procedure 32.1 and 11th Cir. Rule 36-2, "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."

> *Id. at 939-40* (emphasis omitted). The commentary to U.S.S.G. § 3B1.2 confirms the fact-intensive nature of this inquiry. The commentary provides a non-exhaustive list of factors for the district court to consider, including, among other things, "the degree to which the defendant understood the scope and structure of the criminal activity," "the degree to which the defendant participated in planning or organizing the criminal activity," "the degree to which the defendant exercised decision-making authority," "the nature and extent of the defendant's participation in the commission of the criminal activity," and "the degree to which the defendant stood to benefit from the criminal activity." U.S.S.G. § 3B1.2, cmt. n.3(C). "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." *Id.*

See also *United States v. Cruickshank*, 837 F.3d 1182 (11th Cir. 2017) (Amendment 794 clarified that a defendant could be considered for a minor-role adjustment in many circumstances, none of which turn on drug quantity). *See, e.g.*, Amendment 794 (A defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks "should be considered for an adjustment under this guideline." … A defendant who performed an essential or indispensable role in the criminal activity "may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.")

9.  Applying the factors of U.S.S.G. § 3B1.2, cmt. n.3(C) to the case at bar, it is clear that this Defendant, Victor Manuel Pena-Abreu, an uneducated fisherman with little education, did not understand – much less consider – the scope and structure of the criminal activity. He knew his role was to transport the cocaine from an unknown location believed to be somewhere in Colombia to parts unknown. He had no involvement in the planning or organizing of the venture, which is evidenced by the movement to which he was subjected and his confinement in an unknown location for two months prior to

boarding the vessel laden with cocaine.  The nature and extent of his participation was to be on the boat, ostensibly to participate in the offloading of the drugs, an act which was not even necessary to the transportation, and can be performed by anyone. Essentially, the actors assuming this role are fungible.

10.   In the final analysis, this Defendant's role in the offense is clearly minor, and the Court should so conclude. Should this Honorable Court grant these Objections to the PSR, the Defendant's advisory guideline range will be 70 to 87 months. The Defendant submits that the totality of the circumstances militates in favor of granting him a 2-level minor role reduction.

**WHEREFORE,** THE Defendant, **VICTOR MANUEL PENA-ABREU** moves this Honorable Court to grant these Objections to the Presentence Investigation Report.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 26th day of September 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michele Vigilance, AUSA (Michele.Vigilance@udsdoj.gov) U.S. Attorney's Office, 99 N.E. 4th Street, Miami, Florida 33132, and all defense counsel of record.

Respectfully submitted,

*Barry M. Wax*

**Barry M. Wax**
Florida Bar No. 509485
**LAW OFFICES OF BARRY M. WAX**
701 Brickell Avenue
Suite 1550
Miami, Florida 33131
Telephone (305) 373-4400
Facsimile (305) 728-5139
barry@barrywax.com